# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social )<br>Security Administration, )<br>)<br>Defendant. ) | 1:15CV428 |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Williams brought this action to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). The Court has before it the certified administrative record and cross-motions for judgment. (Docket Entries 7, 10, 12.) For the reasons set forth below, the Court recommends that Defendant's motion (Docket Entry 12) be denied, Plaintiff's motion (Docket Entry 10) be granted, and that the final decision of the Commissioner be reversed and this matter be remanded under sentence four of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

In March 2012, Plaintiff filed an application for DIB alleging a disability onset date of April 1, 2007. (Tr. 137-145.)[1] Plaintiff also filed an application for SSI in March 2012, alleging a disability onset date of April 1, 2007. (Tr. 146-51.) Plaintiff's DIB claim was denied initially and upon reconsideration. (Tr. 50-51, 62.) Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 76-83.) A hearing was held on September 19, 2013. (Tr. 28-41.) The ALJ issued an unfavorable decision on December 12, 2013. (Tr. 14-27.) This decision became the final administrative decision after the Appeals Council declined review. (Tr. 1-4.)

## II. STANDARD OF REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[It] 'consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

---

[1] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 7.)

2

The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *Richardson*, 402 U.S. at 401. The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

Thus, "[a] claimant for disability benefits bears the burden of proving a disability," *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), and in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]'" *Id.* (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Id.* "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' *i.e.*, currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity ("RFC") to (4) perform [the claimant's] past work or (5) any other work." *Albright*, 174 F.3d at 475 n.2 (citing 20 C.F.R. § 404.1520). The law concerning these five steps is well-

3

established. *See, e.g., Mastro v. Apfel*, 270 F.3d 171, 177-180 (4th Cir. 2001); *Hall*, 658 F.2d at 264-65.

### III. THE ALJ's DECISION

In his December 12, 2013 decision, the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Act. (Tr. 23.) In making this disability determination, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since July 30, 2010. (Tr. 19.) At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, cervical and lumbar degenerative disc disease and arthropathies. (*Id.*) At step three, the ALJ found that Plaintiff had no impairment or combination of impairments listed in, or medically equal to, one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.*) The ALJ then determined that Plaintiff retained "the residual functional capacity [("RFC")] to perform light work as defined in 20 C.F.R. 404.1567(b) which include "sitting, standing, and walking for six hours in an eight-hour workday and lifting, carrying, pushing and pulling 10 pounds frequently and 20 pounds occasionally." (Tr. 20.) At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (Tr. 22.) At step five, the ALJ determined that there were jobs which Plaintiff could perform consistent with his RFC, age, education, and work experience. (Tr. 23.)

### IV. DISCUSSION

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ erred in failing to conduct a function-by-function analysis regarding Plaintiff's ability to perform the full range

4

of light work.[2] (Docket Entry 11 at 4-6.) Second, Plaintiff argues that the ALJ failed to question the vocational expert ("VE") in light of non-exertional impairments. (*Id.* at 6-8.) For the reasons stated herein, the undersigned concludes that the case should be remanded because it is unclear whether substantial evidence supports the ALJ's RFC findings.

A. Function-By-Function Analysis

Plaintiff argues that the ALJ erred in failing to conduct a function-by-function analysis of Plaintiff's ability to perform the full range of light work. (Docket Entry 11 at 4-6.) Specifically, Plaintiff contends that "at no point in his decision did [the ALJ] perform a function by function analysis of [Plaintiff's] ability to walk and stand." (*Id.* at 4.) Defendant contends that the ALJ's narrative discussion of the "examination findings, and treatment notes, subjective statements, and opinion evidence coupled with his finding that Plaintiff could perform the full range of light work" was sufficient to allow this Court to facilitate meaningful judicial review. (Docket Entry 13 at 9.) According to SSR 96-8p, "the RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . Only after that may RFC be expressed in terms of the exertional levels of work[.]" 1996 WL 374184, at *1. The Ruling:

> specifically requires that the RFC assessment address both the remaining exertional and nonexertional capacities of the individual and further defines exertional capacity as an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling. Significantly, the Ruling notes that [e]ach function must be considered separately.

---

[2] The Court notes that Plaintiff states that the ALJ erred at step three of the SEP. (Docket Entry 11 at 6.) Plaintiff's argument consist of one conclusory statement. Thus, the Court declines to address this argument because Plaintiff fails to assert how the ALJ erred at step three of the SEP.

5

*Bell v. Colvin*, No. 1:10CV709, 2015 WL 419810, at *4 (M.D.N.C. Feb. 2, 2015) (internal quotations and citations omitted). Nonetheless, "there is a distinction between what the ALJ must *consider* and what he must *articulate* in the decision." *Id.* (citing *Joyce v. Astrue*, No. 1:06CV27, 2009 WL 313345, at *14 (M.D.N.C. Feb. 5, 2009) (emphasis in original)). An ALJ is not required "to discuss all of a claimant's abilities on a function-by-function basis but, rather, only to 'describe the maximum amount of each work-related activity the individual can perform *based on the evidence available in the case record.*'" *Livingston v. Colvin*, No. 1:11CV501, 2014 WL 4850447, at *4 (M.D.N.C. Sept. 29, 2014), *aff'd*, 615 F. App'x 159 (4th Cir. 2015) (citing *Joyce*, 2009 WL 313345, at *14) (emphasis in the original). In *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015), the Fourth Circuit held that there is no *per se* rule requiring remand if a function-by-function analysis is not performed. However, the Court held that "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review" remand may be appropriate. *Id.* (internal quotation and citations omitted).

Here, the ALJ does have a narrative discussion of Plaintiff's testimony, the objective medical evidence, treatment notes and Plaintiff's ability to conduct daily activities. However, the ALJ fails to conduct a function-by-function analysis of any of Plaintiff's relevant functions including Plaintiff's ability to walk or stand. Furthermore, the ALJ fails to address conflicting evidence in the record frustrating the Court's ability to conduct meaningful review of the ALJ's decision.

For instance, the ALJ noted that a November 30, 2010 examination revealed that Plaintiff "had good motion in his hips, knees, and ankles." (Tr. 21; *see also* Tr. 499.)

Furthermore, the ALJ also noted that Plaintiff's straight leg raise test was negative. (Tr. 21 *see also* Tr. 499.) However, in this portion of the ALJ's decision, the ALJ failed to mention that Plaintiff had a positive straight leg raise test on a number of occasions. (*See* Tr. 300, 350, 354, 365, 369, 411, 521, 524, 538.) The ALJ also reasoned that on November 27, 2012, Plaintiff "was stable on current pain management and without side effects or problems. His gait was steady and his lumbar spine revealed minimal tightness and he had good strength in his lower extremity." (Tr. 21-22; *see also* Tr. 541.) However, the record indicates that on multiple occasions Plaintiff's gait was considered abnormal. (*See* Tr. 263, 267-68, 322, 360, 421, 429, 431, 448, 486.) The ALJ also noted that on October 24, 2011, "[u]pon examination, the claimant's back showed some tenderness in the lumbar spine. However, there was no pain over the sciatic notch and minimal pain with side bending and rotation to either side." (Tr. 21; *see also* Tr. 509.) However, the record indicates that Plaintiff had trouble extending and rotating his back during the course of many examinations. (*See* Tr. 300, 303, 326, 499, 505, 509, 512, 515, 518, 524, 532, 553.) Lastly, the ALJ noted that on June 18, 2013, at Plaintiff's primary care appointment, Plaintiff "stated that he had no health concerns." (Tr. 22; *see also* Tr. 566.) Nonetheless, it was also noted at that time that "Plaintiff went to his orthopedist for a steroid injection to his back for chronic back pain." (Tr. 566.) The injection was aborted because Plaintiff had elevated blood pressure at the time. (*Id.*) Plaintiff's chronic back pain, gait, straight leg test, and ability to bend and rotate are relevant to Plaintiff's ability to stand and walk. "A mere recitation of select evidence is not a sufficient substitute for the function-by-function analysis required by *Mascio*, particularly if there is contradictory evidence in the

record." *Green v. Colvin*, No. 1:14-CV-293-RJC-DSC, 2016 WL 830990, at *3 (W.D.N.C. Mar. 3, 2016).

Furthermore, the ALJ relies on the opinion of Dr. Thomas A. Dimmig who determined that Plaintiff should be restricted to lifting over 35 pounds, no pushing or pulling over 50 pounds and limited to light duty work. (Tr. 497.) However, Dr. Dimmig did not address limitations with respect to Plaintiff's ability to stand or walk. The ALJ's failure to conduct a function-by-function analysis of the relevant functions coupled with his lack of discussion of contradictory evidence in the record frustrates meaningful review. *Huffman v. Colvin*, No. 7:15-CV-175-FL, 2016 WL 5349748, at *5 (E.D.N.C. Sept. 23, 2016) (remanding in part because "the ALJ [failed to] address . . . inconsistent evidence" suggesting that because of the plaintiff's moderate spinal stenosis, he should have been limited to sedentary duty); *Thrower v. Colvin*, No. 5:15-CV-00290-FL, 2016 WL 4734355, at *4 (E.D.N.C. June 23, 2016), *report and recommendation adopted*, No. 5:15-CV-290-FL, 2016 WL 4734596 (E.D.N.C. Sept. 9, 2016) (concluding that the case should be remanded in pertinent part because the ALJ failed to address inconsistent evidence indicating that the plaintiff's migraine headaches may cause functional limitations); *Thomas v. Colvin*, No. 3:15-CV-467-FDW, 2016 WL 3951417, at *3 (W.D.N.C. July 21, 2016) (finding that "the ALJ failed to resolve an inconsistency in the evidence and among the physicians whose opinions he afforded great weight, or at a minimum, failed to build a bridge between the evidence and his conclusion"); *Newton v. Colvin*, No. 3:14-CV-371-RJC-DSC, 2015 WL 4411110, at *3 (W.D.N.C. July 20, 2015) (concluding that "the ALJ . . . failed to provide analysis sufficient to allow for meaningful review. While the decision did mention symptoms of 'dizziness, weakness, headaches, and trouble concentrating,' when assessing the Plaintiff's

functional limitations, it did not address conflicting evidence in the record[.]") (internal citations omitted). *But see Griffis v. Colvin*, No. 2:12CV29-RLV, 2015 WL 4478821, at *5 (W.D.N.C. July 22, 2015) ("Rather than 'being left to guess at how the ALJ arrived at her conclusions,' this Court is able to determine what evidence, and to what extent, the ALJ relied on. The ALJ did not ignore any contradictory evidence[.]"). Thus, the ALJ's decision requires remand.[3]

None of this necessarily means that Plaintiff is disabled under the Act and the Court expresses no opinion on that matter. Nevertheless, the Court concludes that the proper course here is to remand this matter for further administrative proceedings. The ALJ should properly assess Plaintiff's capacity to perform relevant functions. Additionally, the ALJ should address any relevant conflicting evidence in the record.

## V. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further administrative action as set out above. To this extent, Defendant's Motion for Judgment on the Pleadings (Docket Entry 12) should be **DENIED** and Plaintiff's Motion for Judgment on the Pleadings (Docket Entry 10) should

---

[3] In light of the Court's recommendation to remand based upon Plaintiff's first argument, the Court declines to address Plaintiff's second argument that the ALJ failed to pose a question to the VE regarding Plaintiff's RFC. *Green*, 2016 WL 830990, at *3 n.2 ("Having found remand necessary due to error in the function-by-function analysis and RFC determination, the Court need not address other arguments raised in Plaintiff's Motion for Summary Judgment.").

9

be **GRANTED** to the extent remand is requested. **IT IS FURTHER RECOMMENDED** that to the extent that Plaintiff seeks an immediate award of benefits, his request be **DENIED**.

                                          _____
                                          Joe L. Webster
                                          United States Magistrate Judge

January 3, 2017
Durham, North Carolina